UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC W. STONE and ARTHUR H. STONE,

          Plaintiffs,

 -against-

CRAFCO, INC,

          Defendant.

---

N.D. OF N.Y.
FILED

MAY 30 2002

LAWRENCE K. BAERMAN, CLERK
ALBANY

**NOTICE OF REMOVAL**

02 -CV- 0719

TJM    DRH

---

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF NEW YORK:

The Defendant CRAFCO, INC., by its attorneys, Whiteman Osterman & Hanna LLP, hereby removes this action to this Court, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, 1446 and 2201. For its Notice of Removal, Defendant states as follows:

  1. Upon information and belief, this action was initiated on or about May 1, 2002, in the Supreme Court of the State of New York in and for the County of Albany with the filing of a Summons and Complaint entitled "ERIC W. STONE AND ARTHUR H. STONE v. CRAFCO, INC.," Index No. 2926-02. A copy of the Summons and Complaint is attached as Exhibit "A".

  2. The Complaint seeks a declaratory judgment concerning the rights of plaintiffs and defendant under a contract between them. Specifically, the Complaint seeks a declaration that any claims asserted by the defendant in connection with the contract must be resolved by arbitration. Alternatively, the Complaint seeks a declaration that plaintiffs do not owe any amount to the defendant under the contract. Upon information and belief, the value of the relief

sought by plaintiffs (wrongful termination and breach of the contract) exceeds $75,000, exclusive of interest and costs, because the damages claimed by plaintiffs in the arbitration total $1,700,000.

3. Defendant first received the Summons and Complaint on or about May 1, 2002.

4. The Defendant has not yet answered or moved against the Complaint and there have been no further proceedings in the action.

5. The action described above is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 by virtue of the complete diversity of the parties and is an action which is removable to this Court pursuant to 28 U.S.C. §1441 in that:

(i) Upon information and belief, the value of the plaintiffs' causes of action, as alleged in the Complaint and exhibits, and for purposes of diversity jurisdiction, exceeds $75,000, exclusive of interest and costs. See ¶ 2 above.

(ii) Upon information and belief, Plaintiffs Eric W. Stone and Arthur H. Stone were and are, both at the time of commencement of the above action and at the time of filing of this Notice of Removal, citizens of the State of New York, County of Albany, City of Albany;

(iii) Defendant was and is, both at the time of commencement of the above action and at the time of filing of this Notice of Removal, an Arizona corporation with its principal place of business in Chandler, Arizona; and

(iv) Defendant was not and is not, either at the time of commencement of the above action or at the time of the filing of this Notice of Removal, a citizen of the State of New York.

6. This Notice of Removal is being filed within thirty (30) days after the defendant's

receipt, through service or otherwise, of a copy of the Summons and Complaint.

      7.      A true copy of this Notice of Removal will be served upon counsel for plaintiffs and filed with the clerk of the New York State Supreme Court in and for the County of Albany promptly after the filing of this Notice, in accordance with 28 U.S.C. § 1446(d).

      **WHEREFORE**, Defendant respectfully requests that this action be removed to this Court.

Dated: Albany, New York
       May 30, 2002

                    WHITEMAN OSTERMAN & HANNA LLP
                    Attorneys for Defendant
                    One Commerce Plaza
                    Albany, New York 12260

BY: _____
                    Margaret J. Gillis (Bar Roll 101776)
                    John P. Calareso, Jr. (Bar Roll 511222)
                    One Commerce Plaza
                    Albany, New York 12260
                    (518) 487-7600
                    (518) 487-7777 (fax)

TO:    NOLAN & HELLER, LLP
        Justin A. Heller, Esq.
        39 North Pearl Street
        Albany, New York 1220
        (518) 449-3300

        Attorneys for Plaintiffs

# EXHIBIT A

SUPREME COURT
STATE OF NEW YORK   COUNTY OF ALBANY

ERIC W. STONE AND ARTHUR H. STONE,

                               Plaintiffs,

-against-

CRAFCO, INC.,

                               Defendant.

SUMMONS

Index No. 2926-02

Date Filed: MAY 1, 2002

[Stamp: OFFICE OF ALBANY COUNTY CLERK ALBANY, N.Y. 2002 MAY -1 A 10:41]

TO THE ABOVE NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorneys an Answer to the Complaint in this action within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

     The action will be heard in the Supreme Court of the State of New York in and for the County of Albany. This venue is designated because it is the principal place of business of Plaintiffs.

Dated:     Albany, New York
            May 1, 2002

NOLAN & HELLER, LLP

By: _____
Justin A. Heller, Esq.
Attorneys for Plaintiffs
39 North Pearl Street
Albany, New York 12207
(518) 449-3300

3404-1

SUPREME COURT
STATE OF NEW YORK    COUNTY OF ALBANY

ERIC W. STONE AND ARTHUR H. STONE,

                               Plaintiffs,

      -against-

CRAFCO, INC.,

                               Defendant.

COMPLAINT

Index No. 2926-02

Date Filed: MAY 1, 2002

      Eric W. Stone and Arthur H. Stone, by and through their attorneys, Nolan & Heller, LLP, respectfully state as follows as and for their Complaint against the Defendant:

      1.     Upon information and belief, Defendant is an Arizona corporation, licensed to do business in New York State.

      2.     The Plaintiffs are the principals of Artco Equipment Sales, Inc. ("Artco").

      3.     Artco and Defendant are parties to a certain Distributorship and Licensing Agreement dated January 1, 1999 (the "Distributorship Agreement"), pursuant to which Artco was a distributor of products manufactured by Defendant.

      4.     On or about April 23, 2002, Artco served upon the Defendant and filed with the American Arbitration Association a Demand for Arbitration, pursuant to an arbitration provision in the Distributorship Agreement, alleging, *inter alia*, wrongful termination and breach of the Distribution Agreement giving rise to damages under applicable state, common and statutory law, in the amount of $1.7 million, plus interest, attorneys fees, costs and expenses (the "Arbitration"). A copy of the Demand for Arbitration, as amended, is annexed hereto and incorporated herein by reference.

5. On or about April 30, 2002, Plaintiffs received a written demand from Defendant, through its attorneys, for amounts allegedly due from Artco to the Defendant under the Distributorship Agreement, based on an alleged guaranty of payment by the Plaintiffs.

6. By reason of the Defendant's wrongful termination of the Distributorship Agreement, there are no amounts due from Artco to Defendant.

7. Further, the amounts demanded by Defendant against Plaintiffs under the guaranties are, among other issues, the subject of the Arbitration.

## AS AND FOR A FIRST CAUSE OF ACTION

8. Plaintiffs repeat and reallege each of the foregoing allegations as if fully set forth herein.

9. Plaintiffs request a judicial determination declaring that any claims asserted by Defendant in connection with the alleged guaranties described herein must be resolved as part of the Arbitration.

## AS AND FOR A SECOND CAUSE OF ACTION

10. Plaintiffs repeat and reallege each of the foregoing allegations as if fully set forth herein.

11. Alternatively, in the event the Court does not make a determination declaring that Defendant's claims on the guaranties are to be included in the Arbitration, Plaintiffs request that the Court make a judicial determination declaring that there are no amounts due from Plaintiffs to Defendant under the guaranties.

WHEREFORE, Plaintiffs demand judgment as follows:

On the First Cause of Action, a declaration that Defendant's claims against Plaintiffs based on the alleged guaranties are to be resolved through the Arbitration; and

On the Second Cause of Action, alternatively, a declaration that there are no amounts due from Plaintiffs to Defendant under the alleged guaranties; and

Judgment for the costs and disbursements of this action.

Dated:    Albany, New York
           May 1, 2002

NOLAN & HELLER, LLP

By: _____
Justin A. Heller, Esq.
Attorneys for Plaintiffs
39 North Pearl Street
Albany, New York 12207
(518) 449-3300

3404-1

# American Arbitration Association
## COMMERCIAL ARBITRATION RULES
AMENDED    DEMAND FOR ARBITRATION

*MEDIATION is a nonbinding process. The mediator assists the parties in working out a solution that is acceptable to them. If you wish for the AAA to contact the other parties to ascertain whether they wish to mediate this matter, please check this box (there is no additional administrative fee for this service).* ☐

| TO: Name | Crafco, Inc. | | Name of Representative (if known) | Name of Firm (if applicable) |
|---|---|---|---|---|
| Address | 420 Roosevelt Avenue | | Representative's Address | |
| City Chandler | State Arizona | Zip Code 85226 | City — State — Zip Code | |
| Phone No. (602) 276-0406 | Fax No. (480) 961-0513 | | Phone No. — Fax No. | |

The named claimant, a party to an arbitration agreement contained in a written contract, dated **January 1, 1999** and providing for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration thereunder.

**THE NATURE OF THE DISPUTE:** Wrongful termination and breach of Distribution and Licensing Agreement giving rise to damages under applicable state common and statutory law including without limitation Arizona Dealer Protection Law; Breach of the Agreement due to wrongful reduction of sales territory, refusal to supply products, refusal to mutually set sales forecasts, and failure to deal with Claimant in good faith; Malicious and willful interference with Claimant's business and business relations. Also, determination of credits for rebates due Claimant under the Agreement; and determination of claims asserted by Respondent against Claimant's principals, Eric Stone & Arthur Stone under alleged guaranty of payment of amounts due under the Agreement (which controversy involves the same issues which are in dispute herein).

**THE CLAIM OR RELIEF SOUGHT** (the Amount, if Any)

$1,700,000.00, plus interest, attorney's fees, arbitrator fees and arbitration fees.

DOES THIS DISPUTE ARISE OUT OF AN EMPLOYMENT RELATIONSHIP?  ☐ Yes   ☒ No

**TYPES OF BUSINESS**
Claimant: Equipment Distributor              Respondent: Equipment Manufacturer and Supplier

**HEARING LOCALE REQUESTED** New York City

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association at its **Providence, RI** office, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative) /s/ | | | Title Attorney | |
|---|---|---|---|---|
| Name of Claimant Artco Equipment Sales, Inc. | | | Name of Representative Justin A. Heller | Name of Firm (if Applicable) Nolan & Heller, LLP |
| Address (to be used in Connection with This Case) 1217 Loudon Road | | | Representative's Address 39 North Pearl Street | |
| City Albany | State New York | Zip Code 12047 | City Albany — State New York | Zip Code 12207 |
| Phone No. (518) 785-3353 | Fax No. (518) 785-3362 | | Phone No. (518) 449-3300 | Fax No. (518) 432-3123 |

TO INSTITUTE PROCEEDINGS, PLEASE SEND TWO COPIES OF THIS DEMAND AND THE ARBITRATION AGREEMENT, WITH THE FILING FEE AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL DEMAND TO THE RESPONDENT.

Form C2-11/99

## DISTRIBUTORSHIP AND LICENSING AGREEMENT

THIS AGREEMENT is made and entered into on this 1st day of January, 1999, by and between Crafco, Inc., an Arizona corporation, whose address is 420 North Roosevelt Avenue, Chandler, Arizona 85226, (hereinafter referred to as "Crafco"), and Artco Equipment Sales, Inc., a New York corporation, whose address is 1217 Loudon Rd., RD #1, Cohoes, NY 12047 (hereinafter referred to as "Distributor"), (all hereinafter sometimes collectively referred to as "the Parties").

WITNESSETH:

WHEREAS, Crafco is engaged in the business of manufacturing and selling certain products or the pavement maintenance and pavement construction industry under the protection of certain licenses and patents granted by the United States Patent Office; and,

WHEREAS, Crafco desires to appoint a distributor and to grant a license, to market and promote the above referenced products and Distributor wishes to accept such appointment of distributorship and grant of license subject to the terms and provisions hereof;

NOW THEREFORE, for and in consideration of the mutual benefits to be received by the Parties, the agreement to pay all sums due hereunder and other good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged, the Parties covenant and agree as follows:

1. **Products:** (a) The products of Crafco, which are the subject of this Agreement, are listed in Exhibit "A" [herein collectively referred to as "Product(s)"]and offered for sale by Crafco from time to time. Further, Crafco may offer other products of Crafco to Distributor in the future which shall be governed by this Agreement. Crafco will also offer to its Distributor certain "Non-exclusive Products" which are available to the Distributor for resale. These products are not governed by this Agreement. These

Page Sixteen

With a copy to:
    Watson & Jernigan, P.A.
    2829 Lakeland Drive, Ste. 1502
    Jackson, Mississippi 39208
    Attention: J. Kevin Watson, Esq.

If to Distributor:
    Mr. Eric Stone, President
    Artco Equipment Sales, Inc.
    1217 Loudon Rd., RD #1
    Cohoes, NY 12047

27.    **Amendments:** No amendments, additions, deletions or modifications of the terms and conditions hereof will be binding unless the same shall be evidenced by a written instrument executed by the parties hereto.

28.    **Applicable Laws and Disputes:**    Any and all disputes which arise by and between Crafco and the Distributor during the term or any renewal term of this Agreement shall be amicably resolved by and between the parties. In the event that the resolution of said dispute is unable to be reached then said dispute shall be submitted to arbitration in accordance with the requisite provisions of the commercial rules of arbitration of the American Arbitration Association. Crafco shall select and pay for an arbitrator and the Distributor shall select and pay for an arbitrator and the two (2) arbitrators so selected shall agree upon and select a third impartial arbitrator who shall be paid one-half by Crafco and one-half by the Distributor. The three (3) person arbitration panel shall hear the dispute and after considering the evidence in accordance with the standards and practices of the American Arbitration Association shall issue a written determination of the dispute existing between the parties which shall be final and binding upon Crafco and the Distributor. It is hereby specifically understood and agreed by and between the parties that the arbitration provision and remedy shall only apply to those specific matters and/or instances which arise as a result of Crafco and/or the Distributor's obligations, duties, rights, and liabilities under the terms of this Agreement. This

Page Seventeen

Agreement and the performance of the parties hereunder shall be governed by, construed and enforced in accordance with the laws of the State of Arizona, U.S.A.

29. **Counterparts:** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original instrument, but all of which together shall constitute but one Agreement.

30. **Severability:** In the event that for any reason any term or provision of this Agreement shall be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other term or provision, and this Agreement shall be interpreted and construed as if such term or provision, to the extent the same shall have been held to be invalid, illegal, or unenforceable, had never been contained herein.

31. **Captions:** The captions used in connection with the paragraphs and subparagraphs of this Agreement are inserted only for purpose of reference. Such captions shall not be deemed to govern, limit, modify, or in any other manner affect the scope, meaning, or intent of the provisions of the Agreement or any part thereof nor shall such captions otherwise be given any legal effect.

32. **Integration:** This Agreement represents the entire understanding between the parties hereto with respect to the subject matter hereof and this Agreement supersedes all previous representations, understandings, or agreements, oral or written, between the parties with respect to the subject matter hereof, and cannot be modified except by a written instrument signed by the parties hereto. This Agreement shall be binding upon the parties hereto, their respective subsidiaries, affiliates and related parties and shall inure to the benefit of the parties hereto, their respective heirs, successors, and assigns. As used herein, "affiliate" means any person or entity having an ownership interest or an interest exceeding ten percent (10%) in the revenue or profits of another entity.